UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**THE ANNUITY, PENSION, WELFARE,** :
**TRAINING AND LABOR MANAGEMENT**
**COOPERATION TRUST FUNDS OF THE** : **MEMORANDUM AND ORDER**
**INTERNTIONAL UNION OF OPERATING**
**ENGINEERS LOCAL 14-14B, AFL-CIO**, *et al.,* : 20-CV-5893 (AMD) (RLM)

               Plaintiffs, :

:
– against –
:

**MIDWEST REM ENTERPRISES, INC.**,

               Defendant.
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiffs filed this action on December 4, 2020, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, *et seq.*, seeking an audit of the defendant's books and records, and, upon completion of the audit, any contributions and payments owed. (ECF No. 1.) The defendant was served on January 25, 2021. (ECF No. 6.) The defendant did not appear or answer the complaint, and the Clerk of Court filed an entry of default on February 22, 2021. (ECF No. 8.)

      On the same day, the plaintiffs filed a motion for default judgment against the defendant. (ECF No. 9.) On February 23, 2021, Judge Roslynn R. Mauskopf referred the motion to

Magistrate Judge Roanne L. Mann.  The plaintiffs filed an amended motion for default judgment on April 23, 2021.[1]  (ECF No. 15.)  This case was reassigned to me on July 13, 2021.

On September 1, 2021, Judge Mann issued a thorough Report and Recommendation, in which she recommends that I enter default judgment on the plaintiffs' first cause of action, direct the defendant to submit to an audit and permit the plaintiffs to reopen the case following an audit to seek an amended judgment against the defendant for damages.  (ECF No. 21 at 13.)  Judge Mann also recommends that I deny the plaintiffs' request for fees and costs without prejudice to renew upon the completion of the audit and any ensuing inquest proceeding.  (*Id.*)  No objections to the Report and Recommendation have been filed, and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)) (internal quotation marks omitted).

I have reviewed Judge Mann's well-reasoned and comprehensive Report and Recommendation and find no error.  Accordingly, I adopt the Report and Recommendation in its entirety.

---

[1] Judge Mann directed the plaintiffs to explain why the audit requested in their original motion for default judgment included a time period prior to the effective date of the applicable collective bargaining agreement.  (*See* ECF No. 14.)  Subsequently, the plaintiffs amended their motion and changed the time period covered by the audit.  (*See* ECF No. 15.)

**SO ORDERED.**

                                                   s/Ann M. Donnelly
                                                   ANN M. DONNELLY
                                                   United States District Judge

Dated: Brooklyn, New York
         September 23, 2021